IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Whaley Foodservice Repairs, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | **AMENDED ANSWER, AFFIRMATIVE** |
| | ) | **DEFENSES, AND COUNTERCLAIM** |
| v. | ) | |
| | ) | C.A. 3:11-cv-2064-MBS |
| Epicor Software Corporation, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

The defendant, Epicor Software Corporation ("Epicor"), hereby submits its amended answer and affirmative defenses to the complaint of Whaley Foodservice Repairs, Inc. ("Plaintiff" or "Whaley"), along with its counterclaim.

FOR A FIRST DEFENSE

1.      Epicor admits, upon information and belief, the allegations of paragraph 1 of the complaint.

2.      Epicor admits that it is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Irvine, California and that it is not registered with the South Carolina Secretary of State.  Epicor further admits that it has transacted business in the State of South Carolina.  Epicor denies the remaining allegations of paragraph 2.

3.      In response to the allegations of paragraph 3, Epicor states that following service of the summons and complaint, Epicor properly removed this case from the Lexington County Court of Common Pleas to this court and that it has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between Epicor and Whaley and the amount in controversy exceeds $75,000.00.

4.      In response to the allegations of paragraph 4, Epicor states that following service of the summons and complaint Epicor properly removed this case from the Lexington County Court of Common Pleas to this court and that venue is proper in this court.

5.      Epicor admits, upon information and belief, the allegations of paragraph 5.

6.      Epicor admits the allegations of paragraph 6.

7.      Epicor admits, upon information and belief, the allegations of paragraph 7.

8.      Epicor admits so much of the allegations of paragraph 8 as allege that Whaley provided Epicor with a "Scripted Demo."  Epicor denies the remaining allegations of paragraph 8.

9.      Paragraph 9 of the complaint contains a statement of Plaintiff's intent to which no response from Epicor is required.  To the extent a response is required, Epicor is without sufficient information to form a belief as to the truth of the allegations of paragraph 9 and, therefore, denies the same.

10.      Epicor admits so much of the allegations of paragraph 10 as allege that Whaley invited Epicor to demonstrate its proposed software.  Epicor is without sufficient information to form a belief as to the truth of the remaining allegations of paragraph 10 and, therefore, denies the same.

11.      In response to the allegations of paragraph 11, Epicor admits that Jos and Leach met with Whaley and demonstrated a possible for solution for what it understood to be Whaley's needs.  Epicor denies the remaining allegations of paragraph 11.

12.      Epicor admits so much of the allegations of paragraph 12 as allege that during meetings between Epicor and Whaley, Epicor discussed possible solutions for what it understood to be Whaley's software needs and responded to Whaley's questions.  Epicor is without

2

sufficient information to form a belief as to the truth of the remaining allegations of paragraph 12 and, therefore, denies the same.

13.    Epicor admits so much of the allegations of paragraph 13 as allege that Epicor discussed its possible solution to what it understood were Whaley's needs.  Epicor denies the remaining allegations of paragraph 13, including any legal conclusion that it had duties to advise or speak.

14.    Epicor admits so much of the allegations of paragraph 14 as allege that Epicor discussed its possible solution to what it understood were Whaley's needs.  Epicor denies the remaining allegations of paragraph 14, including any legal conclusion that it had duties to advise or speak.

15.    Epicor admits so much of the allegations of paragraph 15 as allege that Epicor made representations about the Software as shown in the contract between the parties and in the documents specifically referenced by the contract.  Epicor denies any allegation inconsistent with the contract documents and specifically denies the remaining allegations of paragraph 15.

16.    Epicor admits so much of the allegations of paragraph 16 as allege that Epicor and Whaley entered into agreements for the provision of goods and services.  Epicor denies the remaining allegations of paragraph 16.

17.    Epicor admits so much of the allegations of paragraph 17 as allege that Whaley provided Epicor with a document on October 5, 2006 described as a "work flow analysis." Epicor denies the remaining allegations of paragraph 17.

18.    In response to the allegations of paragraph 18, Epicor refers to the subject documents and denies any allegation inconsistent therewith.

19.    In response to the allegations of paragraph 19, Epicor refers to the subject documents and denies any allegation inconsistent therewith.

20.    In response to the allegations of paragraph 20, Epicor refers to the subject document and denies any allegation inconsistent therewith.

21.    In response to the allegations of paragraph 21, Epicor refers to the subject document and denies any allegation inconsistent therewith.

22.    In response to the allegations of paragraph 22, Epicor refers to the subject document and denies any allegation inconsistent therewith.

23.    In response to the allegations of paragraph 23, Epicor refers to the subject document and denies any allegation inconsistent therewith.

24.    In response to the allegations of paragraph 24, Epicor refers to the subject document and denies any allegation inconsistent therewith.

25.    In response to the allegations of paragraph 25, Epicor refers to the subject document and denies any allegation inconsistent therewith.

26.    Epicor admits so much of the allegations of paragraph 26 as allege that Epicor was able to repair the Software.  Epicor denies the remaining allegations of paragraph 26.

27.    Epicor admits so much of the allegations of paragraph 27 as allege that Epicor and Whaley continued to work on implementing the software.  Epicor denies the remaining allegations of paragraph 27.

28.    Epicor denies the allegations of paragraph 28.

29.    Epicor is without sufficient information to form a belief as to the allegations of paragraph 29 and, therefore, denies the same.

30.    Epicor denies the allegations of paragraph 30.

31.    Epicor admits so much of the allegations of paragraph 31 as allege that Evron built add-on software to Epicor's software that was incorporated into the software developed for Whaley.  Epicor denies the remaining allegations of paragraph 31.

32.    Epicor admits, upon information and belief, so much of the allegations of paragraph 32 as allege that Whaley had a relationship with Evron.  Epicor denies the remaining allegations of paragraph 32.

33.    Epicor denies the allegations of paragraph 33.

34.    Epicor denies the allegations of paragraph 34.

35.    Epicor denies the allegations of paragraph 35.

36.    Epicor denies the allegations of paragraph 36.

37.    In response to the allegations of paragraph 37, Epicor refers to the subject document and denies any allegation inconsistent therewith.

38.    Epicor admits so much of the allegations of paragraph 38 as allege that the "go live" date was delayed.  Epicor denies the remaining allegations of paragraph 38.

39.    Epicor denies the allegations of paragraph 39.

40.    Epicor denies the allegations of paragraph 40.

41.    In response to the allegations of paragraph 41, Epicor refers to the subject document and denies any allegation inconsistent therewith.

42.    Epicor denies the allegations of paragraph 42.

43.    In response to the allegations of paragraph 43, Epicor refers to the subject document and denies any allegation inconsistent therewith.

44.    In response to the allegations of paragraph 44, Epicor repeats and realleges its response to the previous paragraphs as if fully set forth herein.

45.     Epicor denies the allegations of paragraph 45.

46.     Epicor admits so much of the allegations of paragraph 46 as allege that Epicor owns the Software, Epicor maintains the Software, the Software was tested and proven, the Software was fully integrated, and the Software would meet Whaley's material requirements. Epicor denies the remaining allegations of paragraph 46.

47.     Epicor denies the allegations of paragraph 47.

48.     Epicor denies the allegations of paragraph 48.

49.     Epicor denies the allegations of paragraph 49.

50.     Epicor denies the allegations of paragraph 50.

51.     Epicor denies the allegations of paragraph 51.

52.     Epicor denies the allegations of paragraph 52.

53.     Epicor denies the allegations of paragraph 53.

54.     Epicor denies the allegations of paragraph 54.

55.     Epicor denies the allegations of paragraph 55.

56.     Epicor denies the allegations of paragraph 56.

57.     Epicor denies the allegations of paragraph 57.

58.     Epicor denies the allegations of paragraph 58.

59.     Epicor denies the allegations of paragraph 59.

60.     In response to the allegations of paragraph 60, Epicor repeats and realleges its responses to the previous paragraphs as if fully set forth herein.

61.     Epicor admits the allegations of paragraph 61.

62.     Epicor denies the allegations of paragraph 62.

63.     Epicor denies the allegations of paragraph 63.

64.     Epicor denies the allegations of paragraph 64.

65.     Epicor denies the allegations of paragraph 65

66.     In response to the allegations of paragraph 66, Epicor repeats and realleges its responses the previous paragraphs as if fully set forth herein.

67.     Epicor denies the allegations of paragraph 67.

68.     Epicor denies the allegations of paragraph 68.

69.     Epicor denies the allegations of paragraph 69.

70.     Epicor denies the allegations of paragraph 70.

71.     Epicor denies the allegations of paragraph 71.

72.     In response to paragraph 72, Epicor refers to the express written warranties contained in the Engagement Letter and End User License Agreement and denies any allegation inconsistent therewith.

73.     Epicor denies the allegations of paragraph 73.

74.     Epicor denies the allegations of paragraph 74.

75.     In response to the allegations of paragraph 75, Epicor repeats and realleges its response to the previous paragraphs as if fully set forth herein.

76.     Epicor denies the allegations of paragraph 76.

77.     Epicor denies the allegations of paragraph 77.

78.     Epicor denies the allegations of paragraph 78.

79.     In response to the allegations of paragraph 79, Epicor repeats and realleges its responses to the previous paragraphs as if fully set forth herein.

80.     Epicor denies the allegations of paragraph 80.

81.     Epicor denies the allegations of paragraph 81.

82.     Epicor denies the allegations of paragraph 82.

83.     Epicor denies the allegations of paragraph 83.

84.     Epicor denies the allegations of paragraph 84.

85.     Epicor denies the allegations of paragraph 85.

86.     Epicor denies the allegations of paragraph 86.

87.     Epicor denies each and every allegation of the complaint not specifically admitted, modified or explained hereinabove.

FOR A SECOND DEFENSE<br>(Rule 12, FRCP)

88.     Epicor incorporates the allegations of its previous defense which are consistent with this defense.

89.     Whaley has failed to state facts sufficient to constitute a cause of action against Epicor for fraud, breach of contract, unfair trade practices, and negligent misrepresentation.  The reasons include those previously set forth in Epicor's motion for partial dismissal, all of which are incorporated herein by reference, namely, that the parties negotiated and entered into a carefully written agreement with specific limited warranties and remedies that Whaley attempts to circumvent; that Whaley's tort causes of action are barred by the economic loss rule; that Whaley's fraud and misrepresentation claims do not rely on statements of actual or existing fact or statements upon which Whaley could reasonably rely; that the parties' private business relationship cannot affect the public interest and therefore form the basis of a claim under the South Carolina Unfair Trade Practices Act; and that Plaintiff failed to provide sufficient factual information to support a claim under the South Carolina Unfair Trade Practices Act.  Epicor acknowledges the court's prior ruling on that motion but does not wish to be viewed as waiving a

right to contest or revisit that ruling at a later time.   Therefore, Plaintiff's claims should be dismissed pursuant to Rule 12 of the Federal Rules of Civil Procedure.

<u>FOR A THIRD DEFENSE</u>
(Statute of Limitations/Statute of Repose)

90.    Epicor incorporates the allegations of its other defenses which are consistent with this defense.

91.    Whaley's actions are barred by the applicable statute of limitations and/or the applicable statute of repose, including without limitation S.C. Code §§ 15-3-530 & 39-5-150. The parties began negotiations concerning the relevant agreements in 2006, signing these agreements as early as September 29, 2006.   If Whaley had any concerns or complaints concerning Epicor, it should have been on notice at least as early as this time, if not sooner.  The instant lawsuit was not filed until almost five years later, on June 9, 2011.  Although the parties entered into a tolling agreement referenced in the complaint that tolled any applicable statutes of limitations for either party for a period of eighteen months, from October 6, 2009, until April 6, 2011, some or all of Whaley's claims are nevertheless time-barred.  Epicor denies any liability for any actions referenced in the complaint, but Whaley knew or should have known of the facts giving rise to its claims long ago, yet failed to bring suit on some or all of its claims in a timely manner.  The further particulars of these and other defenses can be explored in discovery and presented at trial or an appropriate motion.

<u>FOR A FOURTH DEFENSE</u>
(Failure to Mitigate)

92.    Epicor incorporates the allegations of its other defenses which are consistent with this defense.

93.     Whaley failed to mitigate its damages, and therefore all claims it asserts against Epicor should be either barred or reduced to the extent that Whaley could have taken prompt and reasonable action to avoid the occurrence of the alleged damages.  Epicor denies any liability for the actions referenced in the complaint, but Whaley engaged in a number of actions that were unreasonable and failed to mitigate any harm it may have suffered.  Whaley's improper actions included, but are not limited to, constantly changing its purported requirements, requesting additional features, insisting on modifications, failing to provide necessary feedback and approval, failing to become properly involved in the process, and other particulars alleged herein and that can be proven at trial.

FOR A FIFTH DEFENSE
(Failure to Provide Notice)

94.     Epicor incorporates the allegations of its other defenses which are consistent with this defense.

95.     Whaley failed to give Epicor reasonable notice of the existence of any alleged defects, the existence of which Epicor denies, and Whaley failed to provide Epicor a reasonable opportunity to correct any such alleged defects, which constitutes a bar to the action.  Epicor denies any liability for the actions referenced in the complaint, but Whaley engaged in a number of actions that demonstrated a failure to give proper and timely notice, including, but not limited to, constantly changing its purported requirements, requesting additional features, insisting on modifications, failing to provide necessary feedback and approval, failing to become properly involved in the process, and other particulars alleged herein and that can be proven at trial.

FOR A SIXTH DEFENSE
(Prior Material Breach)

96.     Epicor incorporates the allegations of its other defenses which are consistent with

10

this defense.

97.    Whaley committed a prior, material breach prior to any breach it alleges in its Complaint, which serves to bar this action.  In addition to the particular actions referenced above concerning Whaley's improper actions, and as more fully described in the counterclaim below, Whaley breached its agreements with Epicor by failing to timely pay for the goods and services for which it contracted and in other particulars alleged herein and that can be proven at trial.

### FOR A SEVENTH DEFENSE
#### (Failure to Claim within Warranty Period)

98.    Epicor incorporates the allegations of its other defenses which are consistent with this defense.

99.    Any express or implied warranties, the existence of which Epicor denies beyond the terms of the agreement between the parties, were limited in duration to a certain period. Whaley's claims are barred because it failed to make a claim against Epicor within the applicable warranty period.

### FOR AN EIGHTH DEFENSE
#### (Offset to Damages by Virtue of Benefits Received)

100.    Epicor incorporates the allegations of its other defenses which are consistent with this defense.

101.    Whaley's damages, if any, must be offset or reduced by the value of the benefits it accepted and received from Epicor.  Whaley has used the Epicor software for several years and received considerable benefits from its use, all without paying the full amount due to Epicor.  Under these circumstances, Epicor is not liable to Whaley in any amount.

## FOR A NINTH DEFENSE
(Failure to Comply with Condition Precedent)

102.    Epicor incorporates the allegations of its other defenses which are consistent with this defense.

103.    Whaley has failed to comply with the conditions precedent required to seek any recovery under the contracts or agreements between the parties and, therefore, its action is barred.  As explained previously and as can be more completely set forth at trial, Whaley failed to take all actions required of it in its relationship with Epicor, constantly changing its purported requirements, requesting additional features, insisting on modifications, failing to provide necessary feedback and approval, failing to become properly involved in the process, failing to timely pay invoices, and engaging in other particulars alleged herein and that can be proven at trial.

## FOR A TENTH DEFENSE
(Limitation of Liability for Damages)

104.    Epicor incorporates the allegations of its other defenses which are consistent with this defense.

105.    Whaley's claims for damages including, but not limited to, any "direct or indirect loss of profits, or any incidental, consequential, indirect, special or punitive damages…whether in contract, tort, negligence, or other form of action" are barred by the agreement between the parties, the parties' prior course of dealing, the uniform commercial code, industry custom and practice, and lack of foreseeabilty.

106.    In addition, Plaintiff's claims for damages in excess of 120% of the total fees paid to Epicor are specifically barred by the agreement between the parties.

## FOR AN ELEVENTH DEFENSE
(Lack of Consideration)

107.    Epicor incorporates the allegations of its other defenses which are consistent with this defense.

108.    Plaintiff's claims that Epicor owed it any obligation not expressly contained in the contract between the parties lacks consideration and is barred.  Moreover, by failing to pay all amounts due and owing to Epicor, Whaley has further failed to provide adequate consideration.

## FOR A TWELFTH DEFENSE
(S.C. Code Ann. § 36-2-511)

109.    Epicor incorporates the allegations of its other defenses which are consistent with this defense.

110.    As discussed above, in the counterclaim below, and as can be shown at trial, Whaley failed to tender payment pursuant to S.C. Code Ann. § 36-2-511 so as to trigger Epicor's obligation to perform.

## FOR A THIRTEENTH DEFENSE
(Economic Loss Rule)

111.    Epicor incorporates the allegations of its other defenses which are consistent with this defense.

112.    The duty, if any, Epicor owes Whaley derives solely from contract and Epicor does not owe Whaley any special, non-contractual legal duty.  Therefore, Plaintiff's causes of action sounding in tort are improper and should be dismissed pursuant to the Economic Loss Rule.

## FOR A FOURTEENTH DEFENSE
(Statute of Frauds/Parol Evidence Rule)

113.    Epicor incorporates the allegations of its other defenses which are consistent with this defense.

114.    The agreements between the parties as shown in the exhibits attached to Plaintiff's complaint form the whole contract between Epicor and Whaley and any allegation of an obligation, duty, agreement, or contract existing between Epicor and Whaley not contained in the contract documents is barred by the statute of frauds and the parol evidence rule.

## FOR A FIFTEENTH DEFENSE
(Waiver and Estoppel)

115.    Epicor incorporates the allegations of its other defenses which are consistent with this defense.

116.    Plaintiff's claims are barred by the equitable doctrines of waiver and estoppel. Epicor denies any liability for the actions referenced in the complaint, but Whaley engaged in a number of actions that demonstrate it waived and is estopped from asserting any claim for relief. Whaley's improper actions included, but are not limited to, continuing to use Epicor's products for years, constantly changing its purported requirements, requesting additional features, insisting on modifications, failing to provide necessary feedback and approval, failing to become properly involved in the process, insisting to Epicor that any problems were being resolved, and other particulars alleged herein and that can be proven at trial.  In numerous instances, Whaley even signed prior work authorizations or otherwise consented to specific work to be performed by Epicor.  Epicor was entitled to rely on these actions, and did rely on them to its detriment.

## FOR A SIXTEENTH DEFENSE
(Laches)

117.    Epicor incorporates the allegations of its other defenses which are consistent with this defense.

118.    Whaley neglected to bring these claims in a timely manner, and acted in a manner that is inconsistent with the relief it now seeks.  Whaley continued to use Epicor's products for years, long after any purported concerns arose, and Whaley engaged in a number of other actions, including those set forth herein, that are inconsistent with the relief it now seeks.  In numerous instances, Whaley even signed prior work authorizations or otherwise consented to specific work to be performed by Epicor.  As a result of Whaley's actions and unreasonable delay, Epicor relied to its detriment and would experience undue and material prejudice should Whaley's claims against it proceed.  Therefore, laches bars Plaintiff's claims for relief.

## FOR A SEVENTEENTH DEFENSE
(Unclean Hands)

119.    Epicor incorporates the allegations of its other defenses which are consistent with this defense.

120.    Whaley should be barred from receiving any relief due to its own inequitable conduct and unclean hands toward Epicor in this matter.  Epicor denies any liability for the actions referenced in the complaint, but Whaley engaged in a number of improper actions that include, but are not limited to, continuing to use Epicor's products for years without paying, constantly changing its purported requirements, requesting additional features, insisting on modifications, failing to provide necessary feedback and approval, failing to become properly involved in the process, insisting to Epicor that any problems were being resolved, and other

particulars alleged herein and that can be proven at trial.  Whaley cannot be entitled to relief in light of its own actions in this case.

FOR AN EIGHTEENTH DEFENSE
(State of the Art)

121.    Epicor incorporates the allegations of its other defenses which are consistent with this defense.

122.    Based on the state of scientific and technical knowledge available at the time the software was developed and implemented, Epicor conformed to the state of the art for its normal and foreseeable use at all relevant times and its efforts to adapt the software to meet Whaley's specifications was within the industry custom and standard.  Thus, Whaley's claims are barred.

FOR A NINETEENTH DEFENSE
(Modification of Product)

123.    Epicor incorporates the allegations of its previous defense which are consistent with this defense.

124.    Whaley's alleged right of recovery, which is specifically denied, is barred since after Epicor sold the product referenced in Whaley's Complaint, it was substantially changed in its condition by or at the direction of Whaley.

FOR A TWENTIETH DEFENSE
(Compliance with Industry Custom and Practice)

125.    Epicor incorporates the allegations of its other defenses which are consistent with this defense.

126.    In the alternative, Epicor's conduct complied with the industry custom and practice, which terms supplement and inform the agreement between the parties, and therefore it met its obligations to Whaley.

<u>FOR A TWENTY-FIRST DEFENSE</u>
(Plaintiff's Sole Negligence/Gross Negligence/Recklessness)

127.    Epicor incorporates the allegations of its other defenses which are consistent with this defense.

128.    Any damages allegedly suffered by Whaley, without admitting same to be true, are due to and caused by the sole acts/omissions or negligence, recklessness, willfulness, wantonness, carelessness and gross negligence of Whaley or its agents and were not caused by Epicor.  Epicor denies any liability for the actions referenced in the complaint, but Whaley engaged in a number of actions that demonstrate negligence on its own part precluding relief, including, but not limited to constantly changing its purported requirements, requesting additional features, insisting on modifications, failing to provide necessary feedback and approval, failing to become properly involved in the process, and other particulars alleged herein and that can be proven at trial.  The negligence of Whaley is a complete bar to Whaley's attempt to recover from Epicor.

<u>FOR A TWENTY-SECOND DEFENSE</u>
(Comparative Negligence/Gross Negligence/Recklessness)

129.    Epicor incorporates the allegations of its other defenses which are consistent with this defense.

130.    In the alternative, any damages allegedly suffered by Whaley, without admitting same to be true, were due to and caused by the negligence of Whaley or its agents' negligence, including those acts set forth above, which is more than Epicor's negligence and is a complete bar to Whaley's recovery.  Further, in the alternative if Whaley's negligence was less than Epicor's negligence, which Epicor explicitly denies, such negligence should be compared to the negligence of Epicor so as to apportion the relative fault between the parties.

FOR A TWENTY-THIRD DEFENSE
(Unconstitutionality of Punitive Damages)

131.    Epicor incorporates the allegations of its previous defense which are consistent with this defense.

132.    In the alternative, Epicor alleges that Whaley's claim for punitive damages violates both the Fourteenth Amendment of the United States Constitution and Article I, Section 3 of the South Carolina constitution in one or more of the following particulars:

    a.    That the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of a meaningful standard and is inconsistent with due process guarantees.

    b.    That, even if a standard governing the award of punitive damages does exist, this standard is void for vagueness.

    c.    That the amount of punitive damages awarded is based upon the wealth of the Defendant in violation of their right to equal protection of the laws.

FOR A TWENTY-FOURTH DEFENSE
(Assumption of Risk)

133.    Epicor incorporates the allegations of its other defenses which are consistent with this defense.

134.    Software implementations inherently involve a degree of uncertainty, especially where the provider is implementing software into an existing system that contains prior data and that relies on the purchaser's legacy systems, participation, and understanding.  By entering into the relationship with Epicor for the provision and implementation of software, Whaley assumed certain risks, including the risk of possible delays and the risk that not all systems would function precisely as it had hoped.  Whaley's assumption of the risk bars its claims for relief.

## FOR A TWENTY-FIFTH DEFENSE
(Consent)

135.    Epicor incorporates the allegations of its other defenses which are consistent with this defense.

136.    Whaley permitted, agreed to, and consented to Epicor's providing and implementing the software at issue in this case, including numerous changes, modifications, and other variations that it demanded.  In numerous instances, Whaley even signed prior work authorizations or otherwise consented to specific work to be performed by Epicor.  This consent and authorization by Whaley bars its claims for relief.

## FOR A TWENTY-SIXTH DEFENSE AND BY WAY OF COUNTERCLAIM
(Breach of Contract)

137.    Epicor incorporates the allegations of its other defenses which are consistent with this defense.

138.    Epicor and Whaley entered into a contract for goods and services as shown by the Engagement Letter and End User License Agreement attached to Whaley's complaint as Exhibits A and B, respectively.  Pursuant to their agreement, Whaley agreed to pay Epicor One Hundred Eighty-Nine Thousand Seven Hundred Twenty and 00/100ths ($189,720.00) Dollars for completion of the work described in the proposal based on the scope listed in the Engagement Letter.  Whaley also agreed to pay Epicor on a per hour basis for consulting services described in the Engagement Letter.  Whaley agreed that it would pay all invoices upon receipt.  The parties further agreed that in the event legal action was necessary to enforce the terms of the agreement, the prevailing party was entitled to receive its attorneys' fees.  Epicor provided the goods and services described in the agreements and billed Whaley pursuant to the agreement in a timely fashion.

139.    The total amount owed by Whaley to Epicor, which is reasonable and in accord

with the agreement between Whaley and Epicor, and which is now past due and owing, is Two Hundred Eighty-Three Thousand One Hundred Eighty-Six and 33/100ths ($283,186.33) Dollars.

140.     In spite of timely demands by Epicor, Whaley has failed and refused to pay any part of the amount which is now past due and owing.  CIS seeks judgment against Whaley in the amount of Two Hundred Eighty-Three Thousand One Hundred Eighty-Six and 33/100ths ($283,186.33) Dollars, together with prejudgment interest at the legal rate, reasonable attorneys' fees, and court costs incurred in this action.

<u>FOR A TWENTY-SEVENTH DEFENSE AND BY WAY OF COUNTERCLAIM</u>
(Unjust Enrichment/Quantum Meruit)

141.     Epicor incorporates the allegations of its other defenses which are consistent with this defense.

142.     Epicor provided valuable goods and services to Whaley in the form of software, implementation and consulting services.  Whaley agreed to pay Epicor for these services in accordance with the contract between Whaley and Epicor.

143.     Whaley realized the benefit of the goods and services provided by Epicor and, upon information and belief, continued to use these goods and services after it ceased paying Epicor.

144.     Whaley continues to retain and benefit from the goods and services provided by Epicor despite its failure to pay Epicor the value of the goods and services.

145.     Whaley has been unjustly enriched at the expense of Epicor.

146.     As a direct and proximate result of Whaley's unjust enrichment, Epicor has been damaged in an amount equal to the value of the goods and services provided by Epicor to Whaley.

<u>FOR A TWENTY-EIGHTH DEFENSE AND BY WAY OF COUNTERCLAIM</u>
(Breach of Contract)

147.     Epicor incorporates the allegations of its other defenses which are consistent with

this defense.

148.    For valuable consideration, Epicor and Whaley entered into a contract as shown by the exhibits attached to Whaley's complaint in which both parties agreed that if either party sought damages for an alleged breach of the agreement between the parties "in no event shall a party be liable to the other for any direct or indirect loss of profits or any incidental consequential, indirect, special or punitive damages…arising out of this Agreement or with respect to the Services or Developed Software, whether in contract, tort, negligence or other form of action." Engagement Letter Terms and Conditions ¶7(a); End User License Agreement ¶7(a).

149.    Whaley and Epicor also agreed, for valuable consideration, that in no event would either party seek damages from the other party for breach of any agreement between Whaley and Epicor in excess of 120% of the fees paid to Epicor.  End User License Agreement 7(b) *modified by* supplement ¶ 6.

150.    Despite the plain and unambiguous language of the contract between Whaley and Epicor, Whaley filed suit against Epicor seeking damages in violation of the express contract between the parties and continues to maintain that it is entitled to such relief, despite it being barred by the parties' agreements.

151.    As a direct and proximate result of Whaley's breach, Epicor has suffered actual damages and is entitled to recover these damages, along with its reasonable attorneys' fees.

152.    Epicor reserves the right to amend its answer, affirmative defenses and counterclaims as appropriate.

WHEREFORE, having fully answered count three of the complaint of Whaley Foodservice Repairs, Inc., the remaining counts being subject to a pending motion to dismiss,

Epicor prays that the complaint be dismissed with prejudice.  Epicor further requests judgment in its favor as follows:

     1) Judgment against Whaley Foodservice Repairs, Inc. in the amount of no less than Two Hundred Eighty-Three Thousand One Hundred Eighty-Six and 33/100ths ($283,186.33) Dollars, plus prejudgment interest at the legal rate, the costs of this action, and reasonable attorneys' fees in an amount to be determined;

     2) Actual damages in an amount to be determined but not in excess of those permitted by the contract between the parties; and

     3) For such other and further relief as may be just and proper.

s/Thomas E. Vanderbloemen
Thomas E. Vanderbloemen (Fed. Id. # 9858)
Adam C. Bach (Fed. Id. #9877)
Gallivan, White & Boyd, P.A.
55 Beattie Place, Suite 1200
P. O. Box 10589
Greenville, SC  29603
(864) 271-9580
(864) 271-7502 (fax)
tvanderbloemen@gwblawfirm.com

Greenville, SC            abach@gwblawfirm.com
March 5, 2012            Attorneys for Defendant

Epicor requests a trial by jury.

/s/ Thomas E. Vanderbloemen